**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | | **PLAINTIFF** |
| **VS.** | **CASE NO. 4:15cr00142-01 JM** | |
| **JAVIER LEON** | | **DEFENDANT** |

**DEFENDANT'S RESPONSE TO UNITED STATES' RESPONSE TO MOTION TO SUPPRESS**

**I. A Suspect's Nervousness Alone is Not Sufficient to
Create Reasonable Suspicion**

The United States points to Leon's alleged nervousness as the sole basis for Craig's reasonable suspicion, relying primarily on *United States v. Bloomfield*, 40 F.3d 910 (8th Cir. 1994) (en banc). However, *Bloomfield* is distinguishable because the officer's reasonable suspicion in that case was based on far more than mere nervousness: 1) Bloomfield only rolled his window part of the way down when speaking to the officer; 2) Bloomfield did not look at the officer, avoiding eye contact; 3) When the officer asked Bloomfield to get out of the vehicle, he "squeezed himself out through a narrow opening" in a clear attempt to conceal the odor of something; 4) As Bloomfield's door opened, the officer smelled the "masking odor" of deodorant; and 5) Bloomfield had unusual travel plans and could not provide valid answers to many of the officer's questions about his travel.

1

*See id.* Even Bloomfield's nervousness was distinguishable, as he was perspiring, swallowing, breathing heavily, and constantly moving his feet or fingers.

Leon, by contrast, exhibited none of the factors that added up to reasonable suspicion in *Bloomfield*. This case is more like *United States v. Beck*, 140 F.3d 1129 (1998), where the Eighth Circuit reversed the denial of Beck's motion to suppress physical evidence in similar circumstances because the police lacked reasonable suspicion to justify further detention once the traffic stop was completed. The Eighth Circuit noted, "It certainly cannot be deemed unusual for a motorist to exhibit signs of nervousness when confronted by a law enforcement officer." *Id.* at 1139. "Nervousness is of limited significance in determining reasonable suspicion and . . . the government's repetitive reliance on . . . nervousness . . . as a basis for reasonable suspicion . . . must be treated with caution." *Id.* (quoting *United States v. Wood*, 106 F.3d 942 (10th Cir. 1997)).

This Court should be wary of objective suspicion supplied by a generic claim that a defendant was nervous or exhibited nervous behavior after being confronted by law enforcement. Further, Craig's opinion that Leon exhibited nervousness is suspect because Craig had never previously met Leon and therefore had no measure by which to gauge his behavior during the encounter with his actual demeanor. *See Beck*, 140 F.3d at 1139.

## II. The Extension of the Stop in This Case Was More Than a Mere *De Minimis* Intrusion

The United States points to several cases where delays of 30-60 minutes were upheld by the Eighth Circuit. *See Bloomfield*, *supra*; *United States v. Lyons*, 486 F.3d 367 (8th Cir. 2007); *United States v. Donelly*, 475 F.3d 946 (8th Cir. 2007). However, the long extensions of stops in those cases were found to be reasonable because the officers had articulable, reasonable suspicion justifying further detention. When officers lack reasonable suspicion, this Circuit has not upheld a *de minimis* intrusion lasting longer than 7-8 minutes. *See United States v. Rodriguez*, 799 F.3d 1222 (8th Cir. 2015). Given that law enforcement lacked reasonable suspicion to justify further detention of Leon, the extension of the stop to bring in the canine was more than a mere *de minimis* intrusion.

## III. The Scope of Leon's Consent Was Breached

The scope of consent is determined by what a reasonable person would have understood by the exchange between the officer and the suspect. *Florida v. Jimeno*, 500 U.S. 248, 251 (1991). Here, a reasonable person would have believed that after opening the door of the trailer and permitting Craig to inspect his cargo, that he had reached the bounds of his scope of consent. A reasonable person would not have believed that a canine sniff was within that scope of consent as there had been no mention of a canine before that point.

WHEREFORE, the Defendant moves this Court to suppress the introduction into evidence by the United States of any such illegally obtained items or the fruits of such illegal search and seizure.

Respectfully submitted,

/s/ William O. "Bill" James, Jr.
Ark. Bar No. 94108
Attorney for Defendant
James Law Firm
1821 S. Broadway St.
Little Rock, AR 72206
(501) 375-0900
Email: wmjamesjr@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Chris Givens
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR 72203

/s/ William O. "Bill" James, Jr.