# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3615

_____                4:15-cr-00142-JM

United States of America

*Plaintiff - Appellee*

v.

Javier Leon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 10, 2018
Filed: May 24, 2019

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Javier Leon appeals both the denial of his motion to suppress and his jury conviction for possessing more than 500 grams of methamphetamine. We affirm the district court.[1]

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

## I. Background

In March 2015, Senior Corporal Olen Craig of the Arkansas State Police observed a tractor-trailer parked on the shoulder of an entrance ramp. Because parking on the ramp is illegal, Craig typically only saw vehicles parked there when the driver had a problem. He stopped to do a welfare check and met Javier Leon, the driver. Leon stated that he was not having an emergency and had just pulled over to call his dispatch. However, Craig did not see Leon on the phone. Craig asked to see Leon's bill of lading and his logbook, and Leon provided those. From his own experience as a truck driver, Craig determined there were two abnormalities in Leon's logbook: (1) Leon had been off duty for two weeks, which is unusually long for a truck driver who owns his own truck; and (2) Leon waited two days after picking up his load before beginning his route.

Based on the abnormalities in Leon's logbook, Craig asked if Leon was carrying drugs in his truck. Leon denied he was. Craig perceived Leon as very nervous when he made this denial. Craig asked for permission to search the truck for anything illegal, and Leon consented. After Craig examined the cab, Leon unlocked the padlock on the back of the truck. Craig saw it was heavily loaded with furniture, and he decided he was too old to actually climb in and over the cargo and search the vehicle.

Because Craig knew that another officer, Chase Melder, was nearby with a drug dog, he called Melder to come assist with the search. After less than five minutes, Melder arrived. He ran his dog around the truck, and the dog had a profound alert at the rear doors and about a quarter of the way from the back of the trailer. Melder crawled up into the truck and found approximately 116.5 kilograms (almost 260 pounds) of meth at the second area where his dog had alerted. Leon testified the total search time between Craig's arrival and his arrest was more than

-2-

thirty minutes, while Craig testified the total search time was approximately fifteen minutes.

The meth Melder found in the back of the truck was in five-gallon clear plastic jugs, a Purple Power bottle, and a feed sack.  The jugs and feed sack were sitting on an upside-down table behind some boxes, and some of the jugs were under a blanket. Police recovered six full jugs of meth, one cracked (and therefore empty) jug, a full Purple Power bottle, and several bundles of meth from the feed sack.

In July 2015, a grand jury indicted Leon on one count of possession of methamphetamine with intent to distribute.  He filed a motion to suppress the physical evidence, arguing it was obtained through an illegal search, that the search was unreasonable, his consent was not voluntary because he could not understand English, and the search exceeded the scope of any consent.  After an evidentiary hearing, the district court denied the motion.  The district court observed reasonable suspicion was not required for a dog search at the time of the incident in question, the delay for the dog was *de minimis*, Leon appeared to sufficiently understand English to voluntarily consent, and the call for a dog was within the scope of consent to search a packed truck.

The jury trial began in May 2017.  After three days of trial, the jury returned a guilty verdict.  Leon filed a motion for acquittal, which the district court denied. The district court sentenced Leon to 180 months of imprisonment.  Leon timely appealed.

## II. Analysis

Leon raises three arguments on appeal.  First, he challenges the sufficiency of the evidence to show he knowingly possessed the meth.  Second, he challenges the denial of his motion to suppress, arguing the extension of the traffic stop was more

-3-

than *de minimis*.  Third and finally, he challenges the refusal to give one of his proposed jury instructions.

## A.      Sufficiency of the Evidence

This court reviews challenges to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict.  *United States v. Sullivan*, 714 F.3d 1104, 1107 (8th Cir. 2013).  "We will reverse a conviction only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt."  *Id.*  (quoting *United States v. Wells*, 706 F.3d 908, 914 (8th Cir. 2013)).

Leon's appeal here relies on attacking the sufficiency of individual pieces of evidence while failing to acknowledge their combined weight.  A defendant's control of a vehicle can support an inference that he knew about drugs contained in the vehicle.  *See United States v. Flores*, 474 F.3d 1100, 1105 (8th Cir. 2007).  If the defendant does not own the vehicle, however, the government must offer additional proof to show the defendant knew about concealed drugs within the vehicle, especially where the defendant only controlled the vehicle for a short time.  *See United States v. Aponte*, 619 F.3d 799, 804 & n.3 (8th Cir. 2010).  Leon is correct that this court's rule regarding ownership has generally applied to personal cars, not trucks whose cargo is often loaded by someone else.  Even if we did not apply the ownership rule to him, though, he would not benefit from the concealed drugs burden of proof because the meth in his truck was essentially in the open, sitting partially covered under a blanket near the back of the truck.[2]  The inference that he knew of

---

[2]Leon argues on appeal that the open presence of the drugs should weigh in his favor because concealment of drugs would support the Government's case.  His argument misses the fact that this court requires *additional* proof for possession of hidden drugs and does not allow an inference of ownership on that basis alone.  *Aponte*, 619 F.3d at 804 n.3.  Thus, his premise is incorrect that concealment on its own would support an inference of possession.

-4-

poorly hidden drugs is also reasonable because a true blind mule would, presumably, be carrying well-hidden drugs. *See id.* at 805 ("[A]n important consideration is whether the compartment was obvious to a member of the general public.") The meth here was on top of the table he was scheduled to deliver at his fourth of twenty-one stops. He makes a plausible argument that he had not yet seen that portion of the truck because of where he was in his delivery schedule, but we have also found it "less plausible" that a defendant was a blind mule where his truck was transporting a "bulky" and very valuable load of drugs. *See United States v. Marquez*, 462 F.3d 826, 830 (8th Cir. 2006). A reasonable jury could conclude, based on the large amount of easily discoverable meth in his truck, that he knew it was sitting with his cargo.

## B.    Motion to Suppress

"We review the denial of a motion to suppress *de novo* but review underlying factual determinations for clear error, giving due weight to the inferences of the district court and law enforcement officials." *United States v. Nichols*, 574 F.3d 633, 636 (8th Cir. 2009) (quoting *United States v. Hinkle*, 456 F.3d 836, 840 (8th Cir. 2006)).

One oddity in this case is that, at the time of the stop at issue in the motion to suppress, the case law did not require reasonable suspicion for a dog sniff. This court previously stated that extending a traffic stop to include a dog sniff was permissible as long as the delay to employ the dog "does not unreasonably prolong the stop." *United States v. Rodriguez*, 741 F.3d 905, 907 (8th Cir. 2014), *vacated and remanded*, 135 S. Ct. 1609 (2015). The month after the stop at issue here, the Supreme Court changed the law in this circuit when it held that reasonable suspicion is required to extend a stop to include a dog sniff. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1616 (2015). But as the district court correctly observed, the exclusionary rule does not apply to "searches conducted in objectively reasonable

reliance on binding appellate precedent." *Davis v. United States*, 564 U.S. 229, 232 (2011). Thus, like the district court, we review the police officers' actions for compliance with our old rule even though it is no longer in effect.

Under our precedent that applied to the stop at issue, the officers' use of a dog sniff was reasonable both because Leon consented to a search and because the extension of the stop was *de minimis* in light of his consent. "When a motorist gives consent to search his vehicle, he necessarily consents to an extension of the traffic stop while the search is conducted." *United States v. Rivera*, 570 F.3d 1009, 1013 (8th Cir. 2009). Leon is correct that this court has suggested a thirteen-minute non-consensual extension of a stop would not be *de minimis*. *See United States v. Peralez*, 526 F.3d 1115, 1119–20 (8th Cir. 2008). Even if we agreed with that dicta here, it would not help Leon because he consented to a search of his vehicle. "Whether a particular detention is reasonable in length is a fact-intensive question, and there is no *per se* time limit on all traffic stops." *United States v. Olivera-Mendez*, 484 F.3d 505, 510 (8th Cir. 2007). Leon cites no authority saying that a thirteen-minute extension would unreasonably prolong a stop when the driver consented to a search, and we see no reason in the record to otherwise conclude the extension was unreasonable in this case.

**C.     Rejected Jury Instruction**

"We review for abuse of discretion the district court's formulations of jury instructions." *United States v. Mitchell*, 613 F.3d 862, 867 (8th Cir. 2010). "We will reverse if the failure to properly instruct the jury was prejudicial." *Id.*

The district court did not err in rejecting Leon's proposed mere presence instruction because the instructions it gave adequately covered his theory of defense. "A defendant is entitled to a theory of defense instruction that is timely requested, supported by the evidence, and correctly states the law." *United States v. Meads*, 479

-6-

F.3d 598, 601 (8th Cir. 2007). "However, a defendant 'is not entitled to a particularly worded instruction.'" *Id.* (quoting *United States v. Claxton*, 276 F.3d 420, 423 (8th Cir. 2002)). Here, the district court instructed the jury on the requirements of constructive possession and on Leon's defense that he did not have constructive possession. Leon had requested that the district court also clarify that mere presence of a person is not a basis for finding constructive knowledge. While the district court had the discretion to give that further instruction, it was not obligated to give a more extensive theory of defense instruction. The wording of the theory of defense instruction was within its discretion.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

———————————————————

-7-

# United States Court of Appeals
### For The Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

May 24, 2019

Mr. Michael Kiel Kaiser
JAMES LAW FIRM
1821 S. Broadway
Little Rock, AR  72206

RE:  17-3615  United States v. Javier Leon

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

HAG

Enclosure(s)

cc:   Mr. Chris Givens
      Mr. Michael S. Gordon
      Javier Leon
      Mr. Jim McCormack
      Mr. Cameron C. McCree

District Court/Agency Case Number(s):  4:15-cr-00142-JM-1

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

May 24, 2019

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

      RE:  17-3615  United States v. Javier Leon

Dear Sirs:

      An opinion was filed today in the above case.

      Counsel who represented the appellant was Michael Kiel Kaiser of Little Rock, AR.

      Counsel who represented the appellee was Chris Givens, AUSA, of Little Rock, AR.

      The judge who heard the case in the district court was Honorable James M. Moody, Jr.. The judgment of the district court was entered on November 20, 2017.

      If you have any questions concerning this case, please call this office.

                        Michael E. Gans
                        Clerk of Court

HAG

Enclosure(s)

cc:  Lois Law
     MO Lawyers Weekly

      District Court/Agency Case Number(s):  4:15-cr-00142-JM-1

 **17-3615 United States v. Javier Leon "Signed Opinion Filed" (4:15-cr-00142-JM-1)**

ca08ml_cmecf_Notify  to:                                                05/24/2019 08:46 AM

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 05/24/2019

**Case Name:**     United States v. Javier Leon
**Case Number:**   [17-3615](#)
**Document(s):**   [Document(s)](#)

**Docket Text:**
OPINION FILED - THE COURT: Lavenski R. Smith, Roger L. Wollman and L. Steven Grasz AUTHORING JUDGE:L. Steven Grasz (PUBLISHED) [4790910] [17-3615] (Hillary Grupe)

**Notice will be electronically mailed to:**

Mr. Chris Givens: Chris.Givens@usdoj.gov, Sonya.Jeffords2@usdoj.gov, CaseView.ECF@usdoj.gov
Mr. Michael S. Gordon, Assistant U.S. Attorney: michael.gordon@usdoj.gov, francesca.grant@usdoj.gov, caseview.ecf@usdoj.gov
Mr. Michael Kiel Kaiser: michael@jamesfirm.com
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. Cameron C. McCree, Assistant U.S. Attorney: cameron.mccree@usdoj.gov, Francesca.Grant@usdoj.gov, CaseView.ECF@usdoj.gov
MO Lawyers Weekly: michaelh@mesjassociates.com, clash@molawyersmedia.com
West Publishing: us08@westdcs.west.thomson.com

**Notice will be mailed to:**

Javier Leon
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 3000
Anthony, NM 88021-0000

The following document(s) are associated with this transaction:
**Document Description:** Signed Published Opinion
**Original Filename:** 173615P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=05/24/2019] [FileNumber=4790910-0]
[c9001d0ad633b35a4569137a51ddef125e0be92c21fa6044c093fa838848452ca71e907ba53dc129
ca3aa3658e331685d3b076ff559e079cef2db1b4a096d28b]]


**Document Description:** Counsel Opinion Letter
**Original Filename:**
/opt/ACECF/live/forms/HillaryGrupe_173615_4790910_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=05/24/2019] [FileNumber=4790910-1]
[52d19c7ceece31eac53058ab82ad1e23dd4fd45343b506afc399b0a7ee26b22e5af4b92119781afaa
8239299699c8764e07872e08da4c9ac699914167545a8e6]]
**Recipients:**
- Mr. Chris Givens
- Mr. Michael S. Gordon, Assistant U.S. Attorney
- Mr. Michael Kiel Kaiser
- Javier Leon
- Mr. Jim McCormack, Clerk of Court
- Mr. Cameron C. McCree, Assistant U.S. Attorney

**Document Description:** Letter To Publishing
**Original Filename:**
/opt/ACECF/live/forms/HillaryGrupe_173615_4790910_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=05/24/2019] [FileNumber=4790910-2]
[c86c8c3a638fb72f4a6ff8e7cac2133abb2bbdacfb9accd3fbe1634d0a297a1659fdcf249236bcf1e0f
7c2a5237c087bfbed51c109d08020a04896176a6970da]]
**Recipients:**
- MO Lawyers Weekly
- West Publishing


The following information is for the use of court personnel:


**DOCKET ENTRY ID:** 4790910
**RELIEF(S) DOCKETED:**
  for publication
**DOCKET PART(S) ADDED:** 6294896, 6294897, 6294898